Filed 3/11/13  Rogers v. Bell Helicopter Textron CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| ALIKA ROGERS, | C069471 |
| Plaintiff and Appellant, | (Super. Ct. No. 06AS02842) |
| v. | |
| BELL HELICOPTER TEXTRON, INC., | |
| Defendant and Respondent. | |

Plaintiff Alika Rogers appeals following a jury verdict in favor of defendant Bell Helicopter Textron, Inc. (Bell Helicopter), alleging instructional errors.  We affirm because Rogers cannot demonstrate prejudice.

FACTUAL AND PROCEDURAL BACKGROUND

I

*Evidence At Trial*

Rogers was injured in 2005 when the 54-year-old Bell helicopter she was piloting crashed as a result of a failed bolt in the helicopter's tail rotor.

A

*Rogers's Theory Of The Case*

Rogers's theory was that the bolt failed because Bell Helicopter's maintenance manual for the helicopter was confusing and the mechanics relying on the manual

1

balanced the tail rotor blades incorrectly.  To support her theory, Rogers presented expert witness testimony from architect and mechanical engineer Peter Leffe.  Leffe's opinion was that the manual was unclear on how to balance the tail rotor blade.  Leffe also testified that if the mechanics had followed the manual in balancing the blades, the crash would not have occurred.

B

*Bell Helicopter's Theory Of The Case*

Bell Helicopter's theory was that an unknown person had installed the wrong washer (a homemade washer) on the tail rotor and this resulted in loosening of one of the bolts, causing the bolt's failure.  To support its theory, Bell Helicopter presented expert witness testimony from engineer and scientist Aaron Slager that the washer was asymmetrical and too thick and had been "smushed down," causing the bolt to loosen and ultimately fail.

Bell Helicopter also presented the testimony of two people who worked on the helicopter in the year before the crash, licensed helicopter mechanics Kenneth Bartholomew and Chester Peterson.  In February 2005, Bartholomew installed new tail rotor blades on the helicopter and balanced the tail rotor blades.  He relied on the manual to balance this particular helicopter.  The manual's instructions did not confuse him.  In October 2005, Peterson worked on the helicopter, including balancing the tail rotor blades.  He learned how to balance tail rotor blades from Bartholomew, and every time they balanced the blades they consulted the manual.  When Peterson balanced the blades this time, he believed he was following the proper procedures set forth in the manual.

II

*Jury Instructions Given*

The jury was instructed regarding strict liability under the risk-benefit test and on negligence regarding the allegedly defective manual.

2

## III

### *Jury Instructions Refused*

The court refused to instruct on strict liability under the consumer expectation test, strict liability under the failure to warn test, and on negligence per se for violating federal aviation regulations. We set forth these refused instructions below.

### A

### *Consumer Expectation Test Instruction*

Rogers proposed a version of CACI No. 1203 that read as follows:

"Alika Rogers claims the [manual]'s design was defective because the [manual] did not perform as safely as an ordinary consumer [here, the mechanic] would have expected it to perform. To establish this claim, Alika Rogers must prove all of the following:

"1. That Bell Helicopter Textron, Inc. [manufactured/distributed/sold] the [manual];

"2. That the [manual] did not perform as safely as an ordinary consumer [mechanic] would have expected it to perform when used or misused in an intended or reasonably foreseeable way;

"3. That Alika Rogers was harmed; and

"4. That the [manual]'s failure to perform safely was a substantial factor in causing Alika Roger's harm."

### B

### *Failure To Warn Instruction*

Rogers proposed a version of CACI No. 1205 that read as follows:

"Alika Rogers claims that Bell Helicopter Textron, Inc.'s maintenance manual lacked sufficient [instructions] [or] [warning of potential [risks/side effects/allergic reactions]]. To establish this claim, Alika Rogers must prove all of the following:

3

"1. That Bell Helicopter manufactured/distributed/sold the maintenance manual;

"2. That the maintenance manual had potential [risks/side effects/allergic reactions] that were [known/ [or] knowable [by the use of scientific knowledge available] at the time of [manufacture/distribution/sale];

"3. That the potential [risks/side effects/allergic reactions] presented a substantial danger when the maintenance manual is used or misused in an intended or reasonably foreseeable way;

"4. That ordinary consumers would not have recognized the potential [risks/side effects/allergic reactions];

"5. That Bell Helicopter[] failed to adequately warn [or instruct] of the potential [risks/side effects/allergic reactions];

"6. That Alika Rogers was harmed; and

"7. That the lack of sufficient [instructions] [or] [warnings] was a substantial factor in causing Alika Rogers's harm."

C

*Negligence Per Se Instruction*

Rogers proposed a version of CACI No. 418 that read as follows:

"Title 14 of the Code of Federal Regulations states:

"Title 14:  Aeronautics and Space

"[¶] . . . [¶]

"§ 23.1529 Instructions For Continued Airworthiness.

"The applicant must prepare Instructions for Continued Airworthiness in accordance with appendix G to this part that are acceptable to the Administrator. The instructions may be incomplete at type certification if a program exists to ensure their completion prior to delivery of the first airplane or issuance of a standard certificate of airworthiness, whichever occurs later.

"[¶] . . . [¶]

4

"Appendix G to Part 23 - Instructions for Continued Airworthiness

"[¶] . . . [¶]

". . . Format. [¶] (a) The Instructions for Continued Airworthiness must be in the form of a manual or manuals as appropriate for the quantity of data to be provided.

". . . Content. The contents of the manual or manuals must be prepared in the English language. The Instructions for Continued Airworthiness must contain the following manuals or sections, as appropriate, and information:

"(a) Airplane maintenance manual or section. [¶] . . . Basic control and operation information describing how the airplane components and systems are controlled and how they operate, including any special procedures and limitations that apply.

"(b) Maintenance instructions. [¶] . . . Troubleshooting information describing probable malfunctions, how to recognize those malfunctions, and the remedial action for those malfunctions. [¶] . . . Other general procedural instructions including procedures for system testing during ground running, symmetry checks, weighing and determining the center of gravity, lifting and shoring, and storage limitations.

"If you decide

"1. That defendant Bell Helicopter Textron, Inc. violated this law and

"2. That the violation was a substantial factor in bringing about the harm, then you must find that Bell Helicopter was negligent [unless you also find that the violation was excused].

"If you find that Bell Helicopter did not violate this law or that the violation was not a substantial factor in bringing about the harm [or if you find the violation was excused], then you must still decide whether [name of plaintiff/defendant] was negligent in light of the other instructions." (Bolding and italics omitted.)

## IV

### *The Verdict*

"CLAIM OF NEGLIGENCE

"1. Did Bell Helicopter design, manufacture and supply the maintenance manual?

"        <u>X </u>Yes        ___ No

"[¶] · · · [¶]

"2. Was Bell Helicopter negligent in designing, manufacturing and supplying the maintenance manual?

"        ___ Yes        <u>X </u>No

"        If your answer to question 2 is yes, then answer question 3. If you answered no, then go to question 4.

"3. Was Bell Helicopter's negligence a substantial factor in causing harm to Alika Rogers?

"        ___ Yes        ___ No

"Answer question 4.

"CLAIM OF DESIGN DEFECT

"4. Was the maintenance manual's design a substantial factor in causing harm to Alika Rogers?

"        ___ Yes        <u>X </u>No

" If your answer to question 4 is . . . no, and your answer to question 2 or question 3 is no, then stop here . . . .

"5. Did the risks of the maintenance manual's design outweigh the benefits of the design?

"        ___ Yes        ___ No"

### DISCUSSION

Rogers claims the court erred in failing to give the three instructions quoted above. We find any error harmless.

6

" 'A judgment may not be reversed for instructional error in a civil case 'unless, after an examination of the entire cause, including the evidence, the court shall be of the opinion that the error complained of has resulted in a miscarriage of justice.' (Cal. Const., art. VI, § 13.)" (*Soule v. General Motors Corp.* (1994) 8 Cal.4th 548, 580.) A miscarriage of justice occurs " 'where it seems probable' that the error 'prejudicially affected the verdict.' " (*Ibid.*)

It is improbable that any error in failing to give the instructions affected the verdict. The first question in the verdict form for the claim of design defect asked whether the manual's design was a "substantial factor" in causing harm to Rogers. The jury answered "no." From this answer, it appears the jury did not accept Rogers's theory of the case that the crash was caused by the manual.

This jury finding dooms any ability for Rogers to show prejudice for failing to give the three requested instructions. Each of the three instructions Rogers requested had a similar causation component. The jury instruction on the consumer expectation test required the jury to find that the manual's failure to perform safely was a "substantial factor in causing" Rogers's harm. The jury instruction on failure to warn required the jury to find that lack of sufficient instructions in the manual was a "substantial factor in causing" Rogers's harm. And the jury instruction on negligence for failing to follow the Code of Federal Regulations on the content of the manual required the jury to find the violation of the regulation was "a substantial factor in bringing about the harm." For the jury to have answered "yes" to any one of these questions would have required the jury to find that the manual was a substantial factor in causing the harm to Rogers. But we already know the jury found that the manual was not such a factor. On this record, there was no prejudice from the failure to give the three requested jury instructions.

7

DISPOSITION

The judgment is affirmed.  Bell Helicopter is entitled to its costs on appeal.  (Cal. Rules of Court, rule 8.278(a).)

ROBIE , J.

We concur:

BLEASE , Acting P. J.

DUARTE , J.

8